ELPIDIO A. BUCCI *vs.* H. P. HOOD & SONS, INC.

DECEMBER 22, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an original petition for compensation under the workmen's compensation act, general laws 1938, chapter 300. After a hearing in the labor department, where a decision was rendered for the petitioner, the cause was heard *de novo* in the superior court and a

final decree entered therein sustaining the petition. From that decree respondent has appealed to this court.

The petition alleged that on April 3, 1944 the petitioner received an injury arising out of and in the course of his employment by the respondent in the following manner: "While pushing a milk dispensing machine to make room so as to be able to make necessary repairs he sprained his back." The character and extent of the injury was alleged as follows: "An aggravation, exacerbation or recurrence of an old injury sustained by accident, arising out of and in the course of his employment with respondent, on September 2, 1942."

While the case was tried on the theory that the alleged accident of April 3, 1944 was the basis of the petitioner's claim, evidence was freely admitted concerning the previous accident on September 2, 1942 and the petitioner was cross-examined with reference thereto. The evidence clearly showed that the petitioner on that date sustained an injury, arising from an accident, which would have imposed liability upon the respondent if it had resulted in an incapacity causing a diminution of earning power. However, the petitioner lost no time or pay as a result of such accident, although he went for treatment to Dr. Arthur Rattenni and later, at the suggestion of the respondent, to Dr. Roland Hammond who treated him from November 14, 1942 until shortly after the second accident.

After Dr. Hammond's first examination the respondent changed the petitioner's employment to clerical work in the office which required no lifting and little stooping. This work he was able to do although he continued under treatment by Dr. Hammond until after the second accident.

The petitioner testified that on April 3, 1944 he was sent by Ernest L. Murdock, assistant sales manager of the respondent in charge of wholesale sales, to the Guyan Mills in Central Falls to put a milk dispensing machine in working condition. This was not the type of work he was doing regularly after the original accident. The evidence

as to the alleged accident here in question is very meager. The petitioner testified as follows: "I went to the Guyan Mills and tried to fix the machine and I couldn't get at it— the machine was in a sort of an alcove, and as I pushed the machine out into the aisle my back snapped again and I went home that night and had my wife strap my back, and for a week I had adhesive tape on it. I couldn't stand the pain any more." The testimony showed that this machine weighed 570 pounds.

The petitioner further testified that after this accident he worked for the rest of that week and on April 10, 1944 went to Dr. Rattenni, who examined him and advised that his back needed a complete rest and that he "should go home and lay down and rest for a week"; that he remained out of work until Friday, April 14, when he reported to Mr. Murdock, who about an hour later told him that Mr. Burrill C. Earp, the sales manager, wanted to see him. He went to the office of Mr. Earp, who asked him how he felt and he stated he felt "pretty good." Mr. Earp then inquired: "What's the trouble?" and he replied: "A kickback." Mr. Earp then said: "You'll have to go out on the route." Petitioner answered: "I can't do it, because I have strict orders from my doctor not to do any lifting." Mr. Earp then stated: "As long as you feel that way about it you're not a producing man, you're no help to the company. I will have to let you go if you can't produce for the company."

The petitioner also testified he told Mr. Earp that both Dr. Rattenni and Dr. Hammond had advised him against doing any heavy work; that on the following Monday, April 17, 1944, he was discharged by Mr. Earp; that although he was willing to do light work the respondent had not offered him any work since his discharge; and that he has been unable to secure employment, although he has tried to do so.

Doctor Hammond, who last examined the petitioner on April 18, 1944, testified that he felt petitioner should work in a sitting position and not have to stoop or lift; that he should do light work at a desk and not do stooping or lift-

ing of weights. Doctor Rattenni examined the petitioner on April 10, 1944 and was told by him that he had again been moving some milk dispensing machines and developed a kickback of his back injury. He diagnosed the case as an exacerbation or kickback of an old injury, namely, the back strain in 1942 for which he had previously treated petitioner. He testified that he called Mr. Earp on April 11, 1944 and informed him that petitioner had developed a recurrence of his back injury and that he had advised him to stop work for awhile. He treated petitioner for the second injury from April 10, 1944 to December 16, 1946. He expressed the opinion that during this time petitioner had periods of total disability; that he would be able to do some light work, but he doubted whether he could do any heavy work requiring lifting or bending as long as he lives.

Mr. Earp testified that he discharged petitioner on April 17, 1944; that he advised him the company had no more of the kind of work he had been doing; that there was no more sales promotion or clerical work; and that the only available work was on the route, driving a truck and delivering milk. This was the very kind of work the petitioner, on the advice of his doctor, had been relieved from doing due to his back condition after the original accident. Mr. Earp further testified that petitioner had some discussion with him as to whether or not he was entitled to compensation, and that as a result he wrote to Donald Davies of the home office for his decision in relation to that matter. After receipt of Mr. Davies' answer, he discharged petitioner.

The trial justice entered a decree containing, among others, the following findings of fact: "the petitioner did suffer an injury to his back by reason of an accident arising out of and in the course of such employment on April 3, 1944, within the purview of the Workmen's Compensation Act" and "that the petitioner, by reason of said injury suffered as aforesaid, was partially disabled from April 17, 1944, and is still so partially disabled." The decree awarded the petitioner, who had been employed by the respondent

for over twelve years and who was receiving a standard salary of $45 per week, compensation at the rate of $18 per week from April 17, 1944 in accordance with the provisions of art. II, §11, as amended, of the workmen's compensation act.

Respondent contends that the decree appealed from is erroneous because there is no legal evidence to support the essential finding of fact that there was an accident arising out of and in the course of employment and because there was no legal evidence of the petitioner's earning capacity upon which to base a decree for compensation for partial disability.

We are of the opinion that there is legal evidence in the record to support those findings of fact. Upon the testimony of petitioner as to how the alleged accident occurred, including his statement as to the exact nature of his work at that time, the trial justice would be justified in drawing the inference and making the finding of fact that the injury and incapacity resulting therefrom were due to an accident within the definition thereof, as stated in previous decisions of this court. Pushing a milk dispensing machine weighing 570 pounds out into an aisle from an alcove where petitioner could not get at it to make the necessary repairs would not appear to be an incident usual to his then employment. It was not light work which did not involve stooping, lifting or pushing, and to which employment he was limited on the advice of his doctor after the original accident.

On that state of the record we are of the opinion that there was legal evidence that the petitioner, whose back was already troubling him by reason of his previous injury, suffered an aggravation or recurrence of such injury by reason of overexertion in moving the heavy milk dispensing machine in the manner and in the circumstances described by him and not refuted by the respondent. Such injury and resulting incapacity were received by "accident" arising out of and in the course of his then employment by respondent. *Mederos* v. *McLeod,* 65 R. I. 177; *Barker* v. *Narragansett*

*Racing Ass'n, Inc.*, 65 R. I. 489; *Parente* v. *Apponaug Co.*, 73 R. I. 441.

We are also of the opinion that there is legal evidence to sustain the finding of fact of partial incapacity and an award of $18 per week. The evidence clearly discloses that the petitioner was discharged on April 17, 1944; that the respondent since that date has not offered him employment of any sort; and that he has attempted without success to secure the kind of work which he was able to do. In these circumstances at the time of the entry of the decree complained of an award of maximum partial incapacity was supported by legal evidence. Such findings of fact by the trial justice therefore, in the absence of fraud, are conclusive and not subject to review by this court except for error of law.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Joseph Mainelli*, for petitioner.

*Boss & Conlan, Francis W. Conlan*, for respondent.